O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| DEXTER JOHNSON, an individual,<br><br>            Plaintiff,<br><br>      v.<br><br>STARBUCKS CORPORATION, dba "STARBUCKS"; et al.,<br><br>            Defendants. | Case № 2:20-cv-02189-ODW (SKx)<br><br>**ORDER GRANTING MOTION TO REMAND [17]** |

## I.     INTRODUCTION

On February 5, 2020, Plaintiff Dexter Johnson ("Johnson") initiated this action in the Superior Court of California, County of Los Angeles against Defendants Starbucks Corporation ("Starbucks"), Jane Doe and John Doe ("Doe Defendants"), and Roes 1–10.  (Notice of Removal ("Notice") ¶¶ 3, 5, ECF No. 1.)  Starbucks removed this matter based on alleged diversity jurisdiction and Johnson moves to remand.  (Notice ¶ 1; Mot. to Remand ("Mot."), ECF No. 17.)  For the reasons below, the Court finds it lacks subject matter jurisdiction and consequently must **REMAND**.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.     BACKGROUND

Starbucks employed Johnson as a shift supervisor at its West Hills location until November 2018. (Decl. of Rachael S. Lavi ("Lavi Decl.") Ex. A ("First Am. Compl." or "FAC") ¶¶ 9, 18, ECF No. 1-3.) As a shift supervisor, Johnson ensured the store was clean and welcoming for all Starbucks patrons, and thus interacted with homeless patrons who frequented the establishment. (FAC ¶ 9.)

In September 2018, Johnson called the police regarding a homeless man who occupied the Starbucks bathroom for an "extended amount of time." (FAC ¶¶ 9–10.) Johnson alleges that, after this incident, a group of homeless individuals including Jane Doe, the homeless man's female companion, began to harass him. (FAC ¶ 10.) Jane Doe called Johnson "a freak, and weirdo," and stated Johnson "liked to go into the bathroom to look at guys." (FAC ¶ 10.) Johnson alleges he once asked a group of homeless individuals, including Jane Doe, to leave the outside Starbucks patio seating area, and as they left, one of the men called Johnson a "fag." (FAC ¶ 12.)

Johnson alleges he felt unsafe at work because the homeless individuals displayed "aggressive behavior, overt animosity," and made "loud and insulting comments" because of his sexual orientation. (FAC ¶ 13.) Johnson reported the conduct and his fear to Starbucks and also repeatedly called mall security for help. (FAC ¶¶ 13–14.) Johnson asked Starbucks for a transfer, to which Starbucks stated it would "look into it." (FAC ¶ 14.) Johnson did not receive the requested transfer. (*See* FAC ¶ 14.)

Subsequently, in November 2018, Starbucks fired Johnson for ordering a subordinate to "falsely change her timecard" after missing a break. (FAC ¶ 16.) Johnson alleges he told the employee to alter her timecard because he was "distracted, worried" and "fear[ed]" his current work environment. (FAC ¶ 15.)

On February 5, 2020, Johnson filed the operative FAC in the Superior Court of California, County of Los Angeles. (Notice ¶ 3; *see* FAC; Decl. of Timothy E. Kearns Ex. C, ECF No. 17-1.) Johnson asserts his first cause of action against all Defendants

for harassment on the basis of sexual orientation, pursuant to California Government Code section 12940, *et seq.* (FAC ¶¶ 20–26.) Johnson asserts his second through fifth causes of action against Defendants Starbucks and Roes 1–10, also pursuant to California Government Code section 12940, *et seq.*: discrimination based upon sexual orientation, retaliation, failure to take all reasonable steps to prevent harassment, discrimination, and retaliation, and wrongful termination in violation of California Public Policy. (FAC ¶¶ 27–52.)

On March 6, 2020, Starbucks removed this action to federal court based on diversity jurisdiction on the grounds that (1) Starbucks is a Washington corporation with its principle place of business in Washington; (2) Johnson is a citizen of California; and (3) the amount in controversy exceeds $75,000. (Notice ¶¶ 1, 9–11.) Starbucks contends the Court should disregard Doe Defendants' California citizenship. (Notice ¶ 14; Opp'n to Mot. ("Opp'n") 3–5, ECF No. 18.)).

On April 1, 2020, Johnson moved to remand on grounds including that Doe Defendants are real, yet to be identified, citizens of California whose citizenship the Court cannot ignore, and thus their presence defeats the Court's diversity jurisdiction. (*See* Mot.) Johnson seeks attorneys' fees for his motion to remand. (Mot. 11.)

### III.   LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a suit is filed in state court, the suit may be removed to federal court only if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a).

Courts strictly construe the removal statute against removal and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first

instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This "strong presumption" against removal demands that a court resolve all ambiguity in favor of remand to state court. *Id.* (quoting *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a case removed from state court], the case shall be remanded." 28 U.S.C § 1447(c).

## IV.  DISCUSSION

Starbucks and Johnson both agree that complete diversity exists as between them, as Starbucks is a citizen of Washington and Johnson is a citizen of California. (Mot. 5; Opp'n 1.) However, the parties disagree on whether the presence of Doe Defendants defeats this Court's diversity jurisdiction. Starbucks contends the Court should disregard the California citizenship of Jane Doe and John Doe because they are (1) fictitious Doe defendants and (2) fraudulently joined. (*See* Opp'n 1.) In contrast, Johnson argues Jane Doe and John Doe are not fictitious, but instead real parties not fraudulently joined, and therefore their citizenship destroys the Court's jurisdiction. (*See generally* Mot.)

The Court first addresses whether Doe Defendants' citizenship should be disregarded before turning to whether they are fraudulently joined.

### A.  Citizenship of Doe Defendants

In 1988, Congress passed the Judicial Improvements and Access to Justice Act, which amended 28 U.S.C. § 1441 to address "the issue of Doe defendants for purposes of diversity jurisdiction and remand." *Goldsmith v. CVS Pharmacy, Inc.*, No. CV 20-00750-AB (JCx), 2020 WL 1650750, at *3 (C.D. Cal. Apr. 3, 2020); *see also Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1034, 1036 (E.D. Cal. 2015) (discussing the amendment and its consequences). Today, 28

1  U.S.C. § 1441(b)(1) states that, when jurisdiction is based solely on diversity, "the
2  citizenship of defendants sued under fictitious names shall be disregarded."

3  However, the issue remains "convoluted and unsettled," due in large part to
4  exceptions created by the Ninth Circuit. *Goldsmith*, 2020 WL 1650750, at *3 (citing
5  *Robinson v. Lowe's Home Ctrs., LLC*, No. 1:15-cv-1321-LJO (SMSx), 2015 WL
6  13236883, at *3 (E.D. Cal. Nov. 13, 2015)).  While some courts find the language of
7  § 1441 preclusive, *see Goldsmith*, 2020 WL 1650750, at *4, others find a distinction
8  exists between "fictitious" and real party Does that requires greater scrutiny, *see
9  Gardiner Family*, 147 F. Supp. 3d at 1036.  Courts that consider this distinction assess
10 whether the "[p]laintiffs' description of Doe defendants or their activities is specific
11 enough as to suggest their identity, citizenship, or relationship to the action."
12 *Gardiner Family*, 147 F. Supp. 3d at 1036; *see also Sandoval v. Republic Servs., Inc.*,
13 No. 18-cv-01224-ODW (KSx), 2018 WL 1989528, at *3–4 (C.D. Cal. Apr. 24, 2018)
14 ("[W]hen a plaintiff's allegations give a definite clue about the identity of the
15 fictitious defendant . . . the court *should* consider the citizenship of the fictitious
16 defendant."); *Robinson*, 2015 WL 13236883, at *3 (considering whether allegations
17 "provide a reasonable indication" of Doe defendants' "identity, the relationship to the
18 action, and their diversity-destroying citizenship).

19 Here, Johnson argues that the Doe Defendants are real individuals whose
20 liability and relationship to the suit is fully alleged. (*See* Mot. 1–9.)  Johnson alleges
21 both Doe Defendants are not wholly fictitious but real parties, California citizens
22 whose "real names and identities are unknown." (FAC ¶¶ 6–8.)  Jane Doe is described
23 as the "female companion" of the man Johnson reported to the police. (FAC ¶ 10.)
24 Johnson alleges Jane Doe knew he was gay and called him "a freak, and weirdo, and
25 said he 'liked to go into the bathroom to look at guys'" to insult him because of his
26 sexual orientation.  (FAC ¶¶ 10, 22.)  Johnson describes John Doe as one of the
27 homeless men, and alleges he called Johnson a "fag" after Johnson asked him, Jane
28 Doe, and other homeless individuals to leave the Starbucks outdoor seating area.

(FAC ¶¶ 12, 22.)  These allegations demonstrate that both Doe Defendants are not merely fictitious defendants; rather they are real parties known to Johnson whose liability and relation to the suit is fully alleged in the FAC.  (*See generally* FAC.)  Thus, their citizenship should not be disregarded.

Because the FAC alleges sufficient facts regarding Doe Defendants to establish they are real parties with a relationship to this action and not wholly fictitious, their California citizenship should not be disregarded.  Thus, their citizenship destroys complete diversity and this Court's jurisdiction.

**B.  Fraudulent Joinder**

Starbucks contends that, even if the Court does not disregard Doe Defendants' citizenship on the basis of fictitious parties, it should nevertheless disregard them because they are fraudulently joined.  (Opp'n 5–9.)

In evaluating whether complete diversity exists, district courts may disregard the citizenship of a fraudulently joined non-diverse defendant.  *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)).  The Ninth Circuit established two paths to fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Id.* (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)).  "Fraudulent joinder is established the second way if a defendant shows that an 'individual[] joined in the action cannot be liable on any theory.'"  *Id.* (alteration in original) (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).  However, a defendant is not fraudulently joined where "a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend."  *Grancare*, 889 F.3d at 550; *see also Sessions v. Chrysler Corp.*, 517 F.2d 759, 760–61 (9th Cir. 1975) (discussing that the label of a claim is irrelevant "so long as [plaintiff] was entitled to relief against [non-diverse defendants] on any theory.")

*1.     Harassment Claim*

Johnson alleges Doe Defendants violated California's Fair Employment and Housing Act ("FEHA"), Government Code section 12940, *et seq.*, by harassing him on the basis of his sexual orientation.  (FAC ¶ 21; Mot. 9.)  Starbucks counters that harassment under the FEHA "can only be asserted against employers and/or their employees," and not third parties like Doe Defendants.  (Opp'n 1, 6–9.)

California Government Code section 12940(j)(1) imposes liability on an employer "for the acts of nonemployees, with respect to harassment of employees . . . if the employer, or its agents or supervisors, knows or should have known of the conduct and fails to take immediate and appropriate corrective action."  Cal. Gov. Code § 12940(j)(1).  As Johnson acknowledges, the California Supreme Court clarified "the Legislature amended the [FEHA] to state that *employers* are potentially liable when third party nonemployees (e.g., the employer's customers or clients) sexually harass their employees."  (Reply re: Mot. ("Reply") 3, ECF No. 19 (emphasis added) (quoting *Carter v. Cal. Dep't of Veterans Affairs*, 38 Cal. 4th 914, 918 (2006)).)  The amendment to the FEHA provided "explicit standards to govern *employer liability* for sexual harassment that nonemployees commit."  *Carter*, 38 Cal. 4th at 931 (emphasis added).

Here, Johnson does not contend that Doe Defendants are Starbucks agents, supervisors, or employees.  In fact, Johnson asserts the "harassment identified did not come from" Starbucks employees or managers; rather, it came from Doe Defendants as Starbucks patrons.  (FAC ¶ 21; Mot. 9; Reply 4.)  Under the FEHA, Johnson may seek to hold Starbucks, as his employer, liable for harassment by nonemployees like Doe Defendants; however, the statute's language does not extend liability to the nonemployees directly.  *See Carter*, 38 Cal. 4th at 931.  As Johnson concedes that Doe Defendants are not Starbucks agents or employees, Johnson's harassment cause of action under the FEHA fails as a matter of law.

### 2. *Possibility of Amendment*

Johnson contends that, even if the Court finds the cause of action for harassment fails, Doe Defendants are not fraudulently joined because he can amend the complaint to state a viable claim against them. (Reply 3–4.) As noted above, to meet the heavy burden of proving fraudulent joinder, a defendant must establish the plaintiff cannot state a claim against the non-diverse defendant on any theory, in the current or an amended complaint. *See Grancare*, 889 F.3d at 548, 550; *Revay v. Home Depot U.S.A., Inc.*, No. 2:14-CV-03391-RSWL (ASx), 2015 WL 1285287, at *3 (C.D. Cal. Mar. 19, 2015) (emphasis added) (quoting *Hunter*, 582 F.3d at 1044) ("If there is 'any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint,' *or in a future amended complaint*, 'the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary.'").

In response to Starbucks argument that Johnson can state no viable claim against Doe Defendants, Johnson argues Doe Defendants are potentially liable on a theory of intentional infliction of emotional distress ("IIED"). (Reply 4.) To state a cause of action for IIED, a plaintiff must allege "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress"; (2) the plaintiff suffers severe or extreme emotional distress; (3) "actual and proximate causation of the emotional distress by the defendant's outrageous conduct"; and (4) the defendants conduct must be with the intent to inflict injury or the knowledge injury will result. *Hughes v. Pair*, 46 Cal. 4th 1035, 1050–51 (2009). Based on the facts presently alleged, it appears possible that Johnson could amend his FAC to state an IIED claim against Doe Defendants. As Johnson has raised a potential claim against Doe Defendants, the Court does not find that Doe Defendants are fraudulently joined.

Although Johnson's FEHA harassment claim fails, Starbucks has not established that he could not amend his pleadings to state a cause of action against

Doe Defendants.  Consequently, Doe Defendants are not fraudulently joined and their citizenship must be considered for purposes of diversity jurisdiction.  As both Johnson and Doe Defendants are California residents, complete diversity does not exist between the parties.  Therefore, this Court lacks subject matter jurisdiction and must remand.[2]

**C.     Attorneys' Fees**

Johnson seeks $7000 in attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).  (Mot. 11; Reply 9–10.)  "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted."  *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).  The Court finds removal improper but that Starbucks attempt at removal was not objectively unreasonable.  As such, the Court **DENIES** Johnson's request for fees and costs.

---

[2] As the Court finds complete diversity lacking, it does not reach the parties' arguments regarding amount in controversy.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Johnson's Motion to Remand (ECF No. 17) and **REMANDS** the action to the Superior Court of the State of California, County of Los Angeles, Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012, Case No. 20STCV04463. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

July 30, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**